UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD WALLACE,

         Plaintiff,

v.

J. CAVENDER,

         Defendant.
                                      /

Case No. 11-13336

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER DENYING DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES [60]

Plaintiff brought this action claiming that Defendant Corrections Officer Cavender and other state actors violated his civil rights while he was incarcerated in a Michigan prison. After a four-day trial, a jury returned a verdict in favor of Defendant. Before the Court now are Defendant's Motion for Costs and Attorney's Fees [60] and Plaintiff's Response [62]. For the following reasons, Defendant's Motion [60] is denied.

Defendant relies on Federal Rule of Civil Procedure 54(d) to argue that he is entitled to costs because the Court entered judgment in his favor. Rule 54(d) entails a presumption that the prevailing party should be awarded costs. The Court may use its discretion to deny a request for costs. *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986). A denial of costs to a prevailing party is a proper exercise of discretion when the case is "close and difficult." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

The closeness of a case is determined by the refinement of perception required to recognize, sift through, and organize relevant evidence and by the difficulty of discerning the law of the case. *Id.* at 732–33. This was a close case. The evidence was dense: the trial lasted four days to resolve factual questions about only a matter of a few minutes. The parties asked the jury to consider a large amount of evidence to resolve questions of credibility about a only few instances of Defendant Cavender's statements and actions. The parties asked the jury to finely hone their perception and organize a large amount of information in an intricate way. Additionally, the jury was charged with understanding the contours of the Eighth Amendment's prohibition of cruel and unusual punishment in the context of a prison. For those who do not spend significant time in prison, that requires a considerable state-of-mind adjustment about what society normally deems acceptable.

A case can be characterized as difficult based on the length of the trial, the number of witnesses, and the amount of evidence submitted to the jury. *Id.* at 732. On those criteria, this case was less difficult than many federal trials. Given the closeness of the case, however, the Court is exercising its discretion to deny any award of costs.

Defendant relies on 42 U.S.C. 1988(b) to argue that he is entitled to attorney's fees because he was the prevailing party. Plaintiff brought his claims pursuant to 42 U.S.C. § 1983. "In any action or proceeding to enforce a provision of section. . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United

States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988. In cases brought pursuant to § 1983, a prevailing defendant may recover attorney fees only when the suit is vexatious, frivolous, or brought to harass or embarrass defendant. *Hensly v. Eckerhart*, 461 U.S. 424, 429 (1983). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). The Supreme Court in *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421–422 (1978), cautioned against awarding fees too freely to prevailing defendants in civil rights cases:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predicable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*See also Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct").

Plaintiff proved that the Michigan prison's employees had installed an unsafe fan in his cell, that the fan caught fire, and ignited Plaintiff's bed while he was sleeping. The fan melted onto Plaintiff's head. Plaintiff sustained first and second degree burns on his body, head, hands, and fingers, as well as pulmonary damage as a result. Plaintiff injured himself when he jumped down from his bed and was locked in his smoke-filled cell for five minutes before corrections officers responded. After Plaintiff received initial medical care, he was returned back to the prison. Plaintiff's main allegation at trial was, later that day, he requested that Defendant Cavender allow him to seek additional medical care and Defendant refused. The Court cannot say that these facts present a frivolous claim or an instance of "truly egregious . . . misconduct." The Court uses its sound discretion to deny Defendant's motion for attorney's fees.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorney's Fees and Costs [60] is **DENIED**.

Dated: August 7, 2015

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE